# Exhibit A
# State-Court Documents

| AOC-105    Doc. Code: CI  <br>Rev. 1-07  <br>Page 1 of 1  <br>Commonwealth of Kentucky  <br>Court of Justice    www.courts.ky.gov  <br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **19CI05954** <br>Court ☑ Circuit ☐ District <br>County Jefferson ▼ |

**PLAINTIFF**

Heather Yocum

*JEFFERSON CIRCUIT COURT*  
*DIVISION FIVE (5)*

**VS.**

Aetna  
PO Box 14578

OCT 08 2019

**DEFENDANT**

Lexington           Kentucky           ▼ 40512    4578

**Service of Process Agent for Defendant:**  
Any Officer or Agent

_____

**THE COMMONWEALTH OF KENTUCKY**  
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **SEP 27 2019**, 2____

By: _____ Clerk  
_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

**19CI05954**

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
CIVIL ACTION NO._____

HEATHER YOCUM                                                                  PLAINTIFF

v.                                  **COMPLAINT**

AETNA
151 Farmington Ave.
Hartford, CT 06156

Serve: Secretary of State

AETNA LIFE INSURANCE COMPANY
PO Box 14578
Lexington, KY 40512-4578

Serve: Any Officer or Agent

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY: _____ D.C.

\* \* \* \* \*

Comes the Plaintiff, HEATHER YOCUM, by counsel, and for her cause of action against Defendant, states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Aetna Life Insurance Company (hereinafter "carrier" or "Defendant" or "Aetna") is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long-term disability benefits ("LTD") due under the terms of an insurance plan governed by §502 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)

**FACTS**

5. Plaintiff was a full-time employee of UPS ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim #14724548.

6. As a full-time employee, Plaintiff was eligible for, and was participating in the LTD disability plan ("Plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Defendant and all relevant times Defendant remained the so-called "plan administrator."

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

9. During the appeal process, Defendant compelled the Plaintiff to apply for Social Security Disability Insurance ("SSDI") benefits,

10. Plaintiff then applied for and was approved for LTD benefits was paid for a short period. Subsequently, and for reasons that are medically mysterious, Defendant re-reviewed the file and opted to terminate further wage replacement benefits.

11. Plaintiff has thusly exhausted administrative remedies under the plan.

12. Defendant's in-house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

13. Defendant's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work full time, as she did before the onset of her disability. Furthermore, Defendant refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Defendant's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Plaintiff is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that they cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Defendant is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Since Defendant compelled Plaintiff to apply for SSDI benefits it is bound by the decision of the SSA.

17. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

18. Defendant's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

19. At all relevant times Defendant was acting under a conflict of interest as it was the entity which determined if Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

20. Since Plaintiff was awarded said SSDI benefits due to her medical condition, Defendant cannot ignore the finding of SSA without adequate explanation in its decision and thusly violated Sixth Circuit jurisprudence. *Whitaker v. Lincoln Life and Accident Co.*, 404 F.3d 947 (6th Cir. 2005).

21. Due to Defendant's action Plaintiff is entitled to discovery exceeding ERISA protocol.

## COUNT I

## DENIAL IS IN VIOLATION OF ERISA STATUTE

22. Pursuant to the ERISA statute, Plaintiff is entitled to long-term disability benefits under the Plan.

23. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

24. Defendant's decision to deny Plaintiff's benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a

breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

WHEREFORE, Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For attorneys' fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

3. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendant's assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;

4. For any other attorney fees and costs expended in connection with the unlawful denial of benefits;

5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state-based statutory claims, federal ERISA-based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

*Dana Taylor*

Dana M. Taylor
SULLIVAN LAW OFFICE
1500 Story Avenue
Louisville, KY
(502) 587-0228
Counsel for Plaintiff

# EXHIBIT A

**aetna®** 

PO Box 14578
Lexington, KY 40512-4578

Phone: 1-866-825-0186
Fax: (855) 733-1262

July 10, 2019


RECEIVED
JUL 16 2019

Dana M. Taylor, Esq.
Sullivan Law Office
1500 Story Avenue
Louisville, KY 40206


Dear Dana M. Taylor:

**We've made a decision on Heather Yocum's appeal**
We finished reviewing Heather Yocum's appeal for the Long-Term Disability claim (claim # 17824548). We agreed with the original decision to terminate the benefit as of June 2, 2017.

**The reason for our decision**
Ms. Yocum's first date absent from work was July 1, 2016. She was eligible for Long Term Disability (LTD) benefits effective January 27, 2017. Her LTD benefits were approved, on appeal, from January 27, 2017 through June 1, 2017. However, LTD benefits remained terminated, effective June 2, 2017, as it was determined that Ms. Yocum was no longer disabled according to her disability plan.

Please refer to the February 1, 2019 letter which listed the evidence relied upon from the claim and appeal files, as well as the applicable Policy provisions and guidelines that were relied upon to make that determination. That decision was based upon a complete review of the information in Ms. Yocum's file and communicated that the medical documentation did not support impairment that would preclude her from performing her own occupation beyond June 1, 2017, as outlined by the Policy.

You have appealed this determination, and we have concluded our final level appellate review. Our review included all of the information in your client's claim and appeal file. Please note that while we reviewed all information in your client's file, not every piece of information will be specifically referenced in this letter; however, you can request a copy of the file in writing.


We also had independent doctors who specialize in Obstetrics & Gynecology (OB/GYN), Gastroenterology, Internal Medicine and Psychology review the information. We've written a summary of the doctor's reviews below.

The Obstetrics & Gynecology reviewer noted that while pelvic floor relaxation was noted, this would not result in the need for restrictions and limitations from June 2, 2017 and beyond.

The Gastroenterology reviewer noted that Ms. Yocum has irritable bowel syndrome with diarrhea alternating with constipation. There is occasional blood in the stool which can be attributed to hemorrhoids. Despite a complaint of nausea, bloating, abdominal pain, Ms. Yocum has had progressive weight gain. There have been no emergency room visits for pain, diarrhea, dehydration, electrolyte imbalance, bleeding, or drop in hemoglobin. There has been no need for a blood transfusion. Although the notes describe a "possible" Crohn's disease, the clinical data shows no evidence of inflammatory bowel disease. The most recent colonoscopy including biopsies of the colonic mucosa, ileum, duodenum, was normal. Serology for inflammatory bowel disease was negative. The August 10, 2017 capsule endoscopy of the small bowel was normal. The September 28, 2017 gastric emptying study was normal. A January 19, 2018 magnetic resonance imaging (MRI) enterography was with only a mild thickening of jejunum, an impression of mild enteritis with no definite evidence of inflammatory bowel disease. The multiple gastrointestinal complaints including diarrhea, bloating, pain, cramps, is not consistent with progressive weight gain. The complete blood count (CBC) and metabolic panel was consistently normal. Inflammatory markers such as C-reactive protein, sedimentation rate, calprotectin, have been normal. The defecation study on August 28, 2018 showed appropriate relaxation and

Aetna is the brand name used for products and services provided by one or more of the Aetna group of subsidiary companies, including Aetna Life Insurance Company and its affiliates (Aetna). ©2013 Aetna Inc.

contraction of the pelvic floor muscles. Ms. Yocum's physical examination has been consistently normal. There are no physical functional limitations due to gastrointestinal disease. There has been no weight loss but rather weight gain, no abnormal laboratory data, no advanced to severe endoscopic findings, and no advanced to severe imaging findings. With respect to reflux disease, there has been no complicated reflux that would translate into restrictions or limitations from gastroenterologic disease. There has been no stricture, no Barrett's esophagus, no hemorrhaging, and no weight loss. The endoscopy described mild inflammation and the biopsies of the distal esophagus were normal.

The Internal Medicine reviewer spoke with Dr. Jennifer Daily, at which time they discussed the case. Dr. Daily stated that Ms. Yocum has been getting tested for recurrent abdominal pain associated with blood in her stools. Extensive gastrointestinal workup has been basically negative, except for mild inflammation of the colon. Dr. Daily indicated that she has not observed any functional impairment which affects Ms. Yocum's activities of daily living. Dr. Daily reported that there is a level of anxiety and depression. The reviewer noted that Ms. Yocum has a long history of abdominal pain, interstitial cystitis, and bowel issues which are most consistent with irritable bowel syndrome (IBS). While she does experience multiple symptoms which include nausea, cramping, frequent urination, and bowel movements, there is no evidence of any functional deficit, as confirmed by the conversation with Dr. Daily. Ms. Yocum has had an extensive work up including colonoscopy and endoscopy, all of which has failed to reveal a firm diagnosis for her gastrointestinal issues. What was revealed was mild colonic inflammation. Her interstitial cystitis appears to be under reasonable control with medications at this time. General physical examination findings are typically unremarkable.

The Psychology reviewer noted that the available records failed to provide sufficient evidence of global functional impairment from a mental health perspective. A consultative examination, dated June 9, 2017, was submitted for review. The mental health history section documented the following symptoms/concerns: "symptoms of depression and anxiety include a decrease in energy and motivation, poor self-esteem, cries often, thinks about death, and difficulty getting out of bed in the morning." Onset of depression was January 2016. Depression was noted to worsen or improve "as she experiences pain in response to her medical conditions." A prior history of depression from 1997-2008, secondary to her fiancé's suicide, was noted. There was no history of psychiatric hospitalization. Ms. Yocum was not in mental health treatment but was noted to be taking Cymbalta. She denied suicidal ideation. Ms. Yocum reported variable success with activities of daily living, such as: poor/irregular sleep due to medical conditions, bathed and brushed teeth daily, ate two meals daily, completed housework and yardwork irregularly, managed money poorly, shopped for personal items twice monthly, did crafts for recreation when she was able, and had weekly social interaction. She was noted as being responsible for children. The mental status examination was within normal limits with depressed mood and flat affect noted. The examiner assigned a diagnosis of Other Specified Depressive Disorder, recurrent brief depression and noted reported history of intestinal cystitis, allergies, and possible Crohn's disease. The prognosis was noted to be good with treatment and fair in the absence of treatment. The consultative examination outlined limitations as slight (capacity to understand, remember and carry out instructions) to moderate (ability to tolerate stress and pressure of day-to-day employment, ability to sustain attention and concentration, capacity to respond appropriately to supervision/co-workers/work pressures). Symptoms of poor concentration, memory problems, poor stress or frustration tolerance, and difficulty communicating or getting along with others were not described in the report.

In summary, Ms. Yocum's physical examinations have been consistently normal, there is no abnormal laboratory data or advanced to severe clinical findings, or evidence of global functional impairment. While we acknowledge that Ms. Yocum has reports of depression, anxiety, pain, and gastrointestinal concerns, the available records and discussion with Ms. Yocum's treating provider fail to support restrictions and limitations from a physical or mental health perspective that would preclude Ms. Yocum from performing her own occupation as a QA Analyst beyond June 1, 2017.

Below are guidelines that were relied upon in making this determination.

**Not Disabled Own Occupation Standard:**
On an ongoing basis, the claim owner should compare the:

- Policy definition of Disability
- Essential Duties of the occupation; and
- Medical and vocational information

The claim owner should recommend a claim be denied or terminated when the analysis of all the medical and vocational information indicates that the claimant no longer meets the policy definition of Disability.
**If I don't agree, what can I do next?**

Since we've made our final decision no other action will be taken by us. To ask for a copy of all the documents we have, fax us a letter to (855) 733-1262 or send it to this address:

Aetna Life Insurance Company

UPS Appeals
PO Box 14578
Lexington, KY 40512-4578

Make sure your request includes:

- Ms. Yocum's name and employee ID number (if she has one)
- The name of her employer; UPS
- Claim number (17824548)

Required ERISA notice:
The Employee Retirement Income Security Act of 1974 (ERISA) allows us to make a final decision no more than 45 days after we receive your timely appeal. The time for final decision may be extended for one additional 45 day period provided that, prior to the extension, we notify you in writing that an extension is necessary due to special circumstances, identify those circumstances and give the date by which we expect to render our decision.

If your claim is extended due to your failure to submit information necessary to decide your claim on appeal, the time for decision shall be tolled from the date on which the notification of the extension is sent to you until the date we receive your response to the request. We may also toll the time for a decision to allow you a reasonable opportunity to respond to new or additional evidence or a new or additional rationale. Tolling will begin on the date that we provide you with new or additional evidence or a new or additional rationale, and end when we receive the response or on the date by which we requested a response, whichever comes first.

All claims and appeals for disability benefits are to be adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision. The role of the Analyst, Disability Benefit Manager, Director, and Appeals Specialist is to undertake fair and accurate claims assessments with the goal of paying all valid claims. Financial self-interest, either the company's or that of the Claims or Appeals staff, must not influence individual claim management.

If you don't agree with the final appeal decision, you can file a lawsuit under section 502(a) of a law called ERISA. If you wait too long, you may lose your right to file a lawsuit based on this claim. Make sure to check your plan brochure or summary plan description to see if it gives you the time frame to file a lawsuit. You will have until two (2) years from the date of our final appeal decision letter, or July 10, 2021, unless policy allows for more time, to take legal action to recover payment if you disagree with our decision.

We're here to help
It's important that you keep a copy of this letter for your records. For questions about this letter or the claim, you can call me at **1-866-825-0186**.

Sincerely,

Tammy Corbin
Appeals Specialist
Aetna Life Insurance Company
Translation Services Information